Case 7:22-cv-00158   Document 15   Filed on 10/14/22 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
October 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROBERT TREVINO, JAIME PENA, ISRAEL EDUARDO OLIVAREZ, JOSE RAMON CANTU, ALEXANDER CANTU, IVAN CHAVEZ, ROLANDO TREVINO, ROBERTO SALAZAR, OTONIEL VILLAREAL, and YAMILEX SALAZAR, | § § § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 7:22-cv-00158 |
| VS. | § § § | |
| TFS SERVICES and TEXAS FABCO SOLUTIONS, INC., | § § § | |
| Defendants. | § | |

# ORDER

The Court now considers "Baker & Hostetler LLP's Opposed Motion for Leave to Withdraw as Counsel for Defendants TFS Services LLC and Texas Fabco Solutions, Inc."[1] Therein, Baker & Hostetler LLP ("BakerHostetler") request that the Court grant leave to allow counsel to withdraw from their representation of Defendant TFS Services LLC and Texas Fabco Solutions, Inc ("Defendants").[2] As cause, BakerHostetler represent to the Court that Defendants have failed to fulfill their financial obligations to BakerHostetler. Further, BakerHostetler provides that it "gave Defendants reasonable notice that it would withdraw if Defendants did not fulfill the obligations, including most recently, written notices on July 18 and 28, 2022."[3]

---

[1] Dkt. No. 10.
[2] *Id.*
[3] *Id.* at 3.

Additionally, BakerHostetler asserts that the "withdrawal will not prejudice any party or disrupt the prosecution of this lawsuit. This case is only in the initial phases of discovery, as the parties have not even exchanged any written discovery."[4] BakerHostetler has presented the instant motion as opposed because it "conferred with Plaintiffs' counsel regarding the relief requested in this motion and he indicated that such relief is opposed until the parties have exchanged Rule 26(a) initial disclosures."[5]

"Although no delay will be countenanced because of a change in counsel, withdrawal of counsel-in-charge may be effected by motion and order, under conditions imposed by the Court."[6] "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client. The withdrawal of an attorney in a given case is a matter entrusted to the sound discretion of the court . . . ."[7] Although "[a]ttorneys normally are expected to work through the completion of a case,"[8] good cause for withdrawal may exist, for example, because of the client's intransigence or antagonism or refusal to pay for services.[9] "The record must reflect an appropriate basis for granting leave to withdraw, and 'unsubstantiated claims are insufficient.'"[10]

The Court finds that BakerHostetler's reasons for seeking withdraw are sufficient and constitute good cause for withdraw. On September 6, 2022, the Court ordered BakerHostetler to

---

[4] *Id.*

[5] *Id.* at 5.

[6] LR83.2.

[7] *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (citation and quotation omitted), *cited in Williams v. Huntington Ingalls, Inc.*, 488 F. App'x 864, 866 (5th Cir. 2012); *accord Broughten v. Voss*, 634 F.2d 880, 882–83 (5th Cir. 1981) ("[I]t is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel, and that the withdrawal of counsel is for good cause.").

[8] *FTC v. Intellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993) (Rosenthal, J.).

[9] *See Augustson v. Linea Aerea Nacional-Chile S.A.*, 76 F.3d 658, 663 (5th Cir. 1996) (collecting cases); *White v. BAC Home Loans Servicing, LP*, No. 309-CV-2484-G, 2010 WL 2473833, at *2 (N.D. Tex. June 15, 2010) (collecting cases).

[10] *Praetorian Special Ins. Co. v. Pelican Enters.*, No. 1:09-cv-195, 2010 WL 11678696, at *1 (S.D. Tex. Nov. 12, 2010) (Tagle, J.) (quoting *Intellipay, Inc.*, 828 F. Supp. at 34).

specifically inform TFS Services and Texas Fabco Solutions Inc. that BakerHostetler's motion would be granted in the absence of objections, that all objections to counsel's withdrawal must be received by the Court no later than September 27, 2022, and that neither TFS Services nor Texas Fabco Solutions, Inc. would be permitted to further represent themselves in Court or file any documents without representation by licensed counsel.[11]

That time has now passed and no objections have been filed. Additionally, in the interim, Kristi Motely of Nace & Motley LLP was granted permission to appear *Pro Hac Vice* for TFS Services and Texas Fabco Solutions Inc.[12] Thus, Baker & Hostetler LLP's Opposed Motion for Leave to Withdraw as Counsel for Defendants TFS Services LLC and Texas Fabco Solutions, Inc. is hereby **GRANTED**. Accordingly, Emil Mark Sadykhov and Ashlee Cassman Grant of Baker & Hostetler LLP are hereby **WITHDRAWN** as Counsel of record for Defendants in this case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 14th day of October 2022.

_____
Micaela Alvarez
United States District Judge

---

[11] Dkt. No. 11. *See also Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (holding that there is a "well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney").
[12] Dkt. No. 14.