Case 7:22-cv-00158  Document 26  Filed on 06/15/23 in TXSD  Page 1 of 10

United States District Court
Southern District of Texas

**ENTERED**
June 15, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ROBERT TREVINO, JAIME PENA, ISRAEL EDUARDO OLIVAREZ, JOSE RAMON CANTU, ALEXANDER CANDU, IVAN CHAVEZ, ROLANDO TREVINO, ROBERTO SALAZAR, OTENIEL VILLAREAL and YAMILEX SALAZAR,<br><br>    Plaintiffs,<br>VS.<br><br>TFS SERVICES, LLC and TEXAS FABCO SOLUTIONS, INC.<br><br>    Defendants. | §§§§§§§§§§§§§§§§§<br><br>CIVIL ACTION NO. 7:22-cv-00158 |

## OPINION AND ORDER

The Court now considers Defendants' motion to exclude the testimony of Juan M. Garcia[1] and Plaintiffs' opposition.[2] The motion is now ripe for consideration. After considering the motion, the record, and relevant authorities, the Court **DENIES** Defendants' motion.

### I. BACKGROUND AND PROCEDURAL HISTORY

This is a Fair Labor Standards Act ("FLSA") case concerned with unpaid minimum wages and unpaid overtime compensation for labor allegedly performed by Plaintiffs while employed by Defendants.[3] Generally, Plaintiffs contend that they were employees subject to the FLSA yet

---

[1] Dkt. No. 23.
[2] Dkt. No. 24.
[3] Dkt No. 1-4 at 4.

Defendants classified them as independent contractors to avoid paying minimum wages or overtime.[4]

## II. MOTION TO EXCLUDE

Defendants filed the present motion to exclude the report and testimony of Juan M. Garcia on April 5, 2023[5] and Plaintiffs filed an opposition to the motion on April 26, 2023.[6] The motion is now ripe for consideration.

### a. Legal Standard

"[T]he Federal Rules of Evidence control the admission of expert testimony."[7] The Rules and their scrutiny extend to experts, whether or not they are scientific.[8] When an expert's "factual basis, data, principles, methods, or their application" are sufficiently called into question by Defendants,[9] the Court must undertake a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue."[10]

"Under the Rules[,] the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."[11] "Experts qualified by knowledge, skill, experience, training or education may present opinion testimony to the jury"[12] only if "(1) the

---

[4] Dkt. No. 1.
[5] Dkt. No. 23.
[6] Dkt. No. 24 (The Court admonishes Plaintiffs' counsel to familiarize himself with the FRCP, in particular Rules 7 and 10, which require numbered paragraphs.).
[7] *Mathis v. Exxon Corp.*, 302 F.3d 448, 459 (5th Cir. 2002).
[8] *Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567, 581 (5th Cir. 2001) (quotation omitted).
[9] *Rodriguez*, 242 F.3d at 580–81. (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999)).
[10] *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 592–93 (1993).
[11] *Daubert*, 509 U.S. at 589; *see Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (quotation omitted) (holding the Rules "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand").
[12] *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (quotation omitted). *But see Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 623–24 (5th Cir. 2018) (cleaned up) ("Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue. Although an expert's qualifications may be less-than-sterling, she may still be certified. This is because differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility.").

testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."[13] The proponent of the proffered expert testimony "must prove by a preponderance of the evidence that the testimony is reliable" and cannot rest on generic assurances.[14] Under the first element, "the existence of sufficient facts . . . is in all instances mandatory."[15] "[A] district court has broad discretion to determine whether a body of evidence relied upon by an expert is sufficient to support that expert's opinion."[16] Unsubstantiated factual assertions will bar expert testimony,[17] as will "altered facts and speculation designed to bolster [the proponent's] position."[18] Expert opinions that are unsupported, self-contradicted, or assumptive are to be excluded.[19] However, the proponent "need not prove the testimony is factually correct, but rather need only prove by a preponderance of the evidence the testimony is reliable"[20] and the Court should "approach its inquiry with the proper deference to the jury's role as the arbiter of disputes between conflicting opinions."[21] "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration."[22] Indeed, the Fifth Circuit has

---

[13] *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007) (quoting FED. R. EVID. 702).
[14] *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc).
[15] *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007).
[16] *Knight v. Kirby Inland Marine Inc*., 482 F.3d 347, 354 (5th Cir.2007).
[17] *Id.* at 319 & n.4.
[18] *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996); *see Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 798 (N.D. Tex. 2013) (citing *MGM Well Servs. v. Mega Lift Sys.*, No. 4:05-cv-1634, 2007 WL 150606, at *4 (S.D. Tex. Jan. 16, 2007) (Atlas, J.) ("Rather than conduct and report the results of critical, independent analysis, it appears that Alworth relied heavily, if not exclusively, on what Bartley told him. His expert report is at best an effort to synthesize Defendant's positions and present them summarily as an expert opinion.")) ("Although in forming an independent opinion an expert can rely on information provided by a party's attorney, an expert cannot forgo his own independent analysis and rely exclusively on what an interested party tells him.").
[19] *Guile v. United States*, 422 F.3d 221, 227 (5th Cir. 2005).
[20] *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009).
[21] *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987).
[22] *United States v. 14.38 Acres of Land, more or less Situated in Leflore Cnty.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo*, 826 F.2d at 422); *see* FED. R. EVID. 702 advisory committee's note to 2000 amendment ("When facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts. The

cautioned against transforming a motion to exclude an expert into a trial on the merits, because the factfinder may be entitled to accept or reject an expert's testimony *including* by judging whether the predicate facts on which an expert relied are accurate.[23] Generally, cross-examination and presentation of competing evidence are traditionally sufficient to challenge an expert opinion, rather than exclusion for inadmissibility.[24] In short, experts may rely on disputed facts,[25] but not unsubstantiated assertions.[26] An opinion based on "insufficient, erroneous information," fails the reliability standard.[27]

Under the second and third elements for assessing expert evidence, "expert testimony 'must be reliable at each and every step or else it is inadmissible. The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, *et alia*.'"[28] "Under *Daubert*, 'any step that renders the analysis unreliable . . . renders the expert's testimony inadmissible. This is true whether the step completely changes a reliable methodology or merely misapplies that methodology."[29] To test

---

emphasis in the amendment on ' sufficient facts or data' is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other.").

[23] *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th Cir. 2002).

[24] *See MM Steel, L.P. v. JSW Steel (USA) Inc.*, 806 F.3d 835, 852 (5th Cir. 2015) (quoting *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 596 (1993)); *see 14.38 Acres of Land*, 80 F.3d at 1078 ("[T]he trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.").

[25] *Metro Hosp. Partners, Ltd. v. Lexington Ins. Co.*, No. 4:15-cv-1307, 2017 WL 3142444, at *6 (S.D. Tex. July 25, 2017) (Rosenthal, C.J.) (citing *Moore v. Int'l Paint, L.L.C.*, 547 F. App'x 513, 515 (5th Cir. 2013) (per curiam) and *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004)); *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 856 (Fed. Cir. 2010) (citing *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003) and *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002)) ("[I]t is not the district court's role under *Daubert* to evaluate the correctness of facts underlying an expert's testimony. Questions about what facts are most relevant or reliable to calculating a reasonable royalty are for the jury. The jury was entitled to hear the expert testimony and decide for itself what to accept or reject."), *aff'd,* 564 U.S. 91 (2011).

[26] *See Knight, supra* note 16.

[27] *Paz v. Brush Engineered Materials, Inc*., 555 F.3d 383, 389 (5th Cir.2009) (affirming exclusion of expert opinion that relied on false assumptions rebutted by undisputed record evidence).

[28] *In re Pool Prod. Distrib. Mkt. Antitrust Litig.*, 166 F. Supp. 3d 654, 662 (E.D. La. 2016) (quoting *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007)).

[29] *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 278 n.10 (5th Cir. 1998) (omission in original) (emphasis deleted) (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994)).

reliability, the Court assesses the intellectual rigor of the proposed expert testimony,[30] which must be validated by an independent and objective source beyond the expert's assurances,[31] and the Court "should ensure that the [expert] opinion comports with applicable professional standards outside the courtroom and that it will have a reliable basis in the knowledge and experience of [the] discipline,"[32] but an expert report or opinion need not be in lockstep with the common or prevailing standard to be admissible.[33] Similarly, the Court should exclude expert evidence if the witness is not qualified in a particular field or subject,[34] but an expert witness need not be highly credentialed or qualified to offer an expert opinion to the factfinder.[35] The Court may "conclude that there is simply too great an analytical gap between the data and the opinion proffered" to be admissible,[36] but there is no definite formula for determining whether expert testimony is reliable or unreliable "and the court must judge admissibility based on the particular facts of the case."[37]

---

[30] *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)).

[31] *Brown v. Ill. Cent. R.R.*, 705 F.3d 531, 536 (5th Cir. 2013) (quoting *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc)); *see Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007) (alteration and quotation omitted) ("But the existence of sufficient facts and a reliable methodology is in all instances mandatory. Without more than credentials and a subjective opinion, an expert's testimony that "it is so" is not admissible.").

[32] *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 991 (5th Cir. 1997) (second alteration in original) (quotation omitted); *see McManaway v. KBR, Inc.*, 852 F.3d 444, 449 (5th Cir. 2017) (cleaned up) (holding that courts "look to the basis of the expert's opinion, and not the bare opinion alone. A claim cannot stand or fall on the mere *ipse dixit* of a credentialed witness."); *cf. Mayor of City of Phila. v. Educ. Equal. League*, 415 U.S. 605, 621 (1974) ("[T]he District Court's concern for the smallness of the sample presented by the 13-member Panel was also well founded."); *accord Conlay v. Baylor Coll. of Med.*, 688 F. Supp. 2d 586, 595 (S.D. Tex. 2010) (Smith, J.) (collecting cases).

[33] *Whitehouse Hotel LP v. Comm'r*, 615 F.3d 321, 332 (5th Cir. 2010) (rejecting the argument that compliance with uniform published professional standards goes to admissibility rather than credibility); *see Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 588 (1993) ("Nothing in the text of this Rule establishes 'general acceptance' as an absolute prerequisite to admissibility."); *Hardy v. United States*, 141 Fed. Cl. 1, 32 (2018) ("The Yellow Book [Uniform Appraisal Standards for Federal Land Acquisitions] applies only to appraisers hired by the federal government for condemnation purposes; it is not mandatory with respect to appraisers not hired by the government.").

[34] *See Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007) (affirming exclusion of expert evidence because "Moore is not a tire expert. He has never been employed in any capacity dealing with the design or manufacture of tires. He has never published any articles regarding tires nor has he ever examined a tire professionally prior to this litigation. His only experience with tires is as a consumer.").

[35] *Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 199–200 (5th Cir. 2016).

[36] *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *see id.* ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.")

[37] *Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 379 (5th Cir. 2010).

"Certain more specific factors, such as testing, peer review, error rates, and 'acceptability' in the relevant scientific community . . . might prove helpful in determining the reliability of a particular scientific 'theory or technique.'"[38] Reliance on studies that do not support a contention, cherry-picked data, or a dubious methodology may be grounds to reject expert testimony.[39] "Trial judges retain 'broad latitude' both in deciding how to determine whether an expert's testimony is reliable, and ultimately, whether the testimony is, in fact, reliable."[40]

### b. Analysis

Defendants argue that the Court should exclude the testimony of Plaintiffs' expert Juan M. Garcia (Garcia) because (1) it is not based on sufficient facts or data; (2) it is not the product of reliable principles and methods; (3) the expert did not reliably apply the principles and methods to the facts of the case.[41]

The Court agrees that the expert report fails to meet the requirement of Rule 26(a)(2)(B). The expert testimony by Garcia states that his analysis included "a review of employee contracts, job descriptions, and other relevant documentation, as well as an analysis of [] Plaintiffs' time cards and payroll records, or lack thereof."[42] Although, Garcia states that he has considered this documentation, he has not specifically identified the documents or datapoints upon which he has relied. As noted by Defendants, Garcia's report "fails to specify even one exhibit that will be used to summarize or support Mr. Garcia opinions."[43] Furthermore, it is uncertain which documentation from the list Garcia actually reviewed as he claims that his conclusions were based on the

---

[38] *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (quoting *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 593–94 (1993)).
[39] *Burst v. Shell Oil Co.*, 650 F. App'x 170, 174 (5th Cir. 2016) (per curiam).
[40] *Hodges v. Mack Trucks Inc.*, 474 F.3d 188, 194 (5th Cir. 2006) (quoting *Kumho Tire Co.*, 526 U.S. at 142).
[41] Dkt. No. 23 at 3.
[42] Dkt. No. 23-1 at 3.
[43] Dkt. No. 23 at 3.

aforementioned documentation or the "lack thereof."[44] Garcia's omission of the documentation he utilized contributes to the uncertainty of the facts that were considered. "[A] district court has broad discretion to determine whether a body of evidence relied upon by an expert is sufficient to support that expert's opinion."[45] Garcia has not identified any direct documents upon which he has relied or upon which his claims are substantiated. The Fifth Circuit has held that unsubstantiated factual assertions will bar expert testimony.[46] Although experts may rely on disputed facts,[47] they may not rely on unsubstantiated assertions.[48] Since Garcia has not provided the basis upon which his testimony is substantiated, the Court must view them as unsubstantiated assertions.

Defendants also claim that the testimony by Garcia should be excluded because it is not the product of reliable principles and methods.[49] Again, the Court agrees. Garcia's expert testimony lacks the inclusion of the principles or methods that support his conclusion. The Court "should ensure that the [expert] opinion comports with applicable professional standards outside the courtroom and that it will have a reliable basis in the knowledge and experience of [the] discipline."[50] As Garcia has not provided the methods he has applied to form his opinion, the Court cannot ensure that these methods are in accordance with any standards outside the courtroom. As

---

[44] Dkt. No. 23-1 at 3.
[45] *Knight,* 482 F.3d at 354.
[46] *Id.* at 319 & n.4.
[47] *Metro Hosp. Partners, Ltd.*, 2017 WL 1106271 at *6. (citing *Moore v. Int'l Paint, L.L.C.*, 547 F. App'x 513, 515 (5th Cir. 2013) (per curiam) and *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004)); *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 856 (Fed. Cir. 2010) (citing *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003) and *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002)) ("[I]t is not the district court's role under *Daubert* to evaluate the correctness of facts underlying an expert's testimony. Questions about what facts are most relevant or reliable to calculating a reasonable royalty are for the jury. The jury was entitled to hear the expert testimony and decide for itself what to accept or reject."), *aff'd,* 564 U.S. 91 (2011).
[48] *See Knight*, *supra* note 16.
[49] Dkt. No. 23 at 3.
[50] *Watkins,* 121 F.3d 991. (second alteration in original) (quotation omitted); *see McManaway v. KBR, Inc.*, 852 F.3d 444, 449 (5th Cir. 2017) (cleaned up) (holding that courts "look to the basis of the expert's opinion, and not the bare opinion alone. A claim cannot stand or fall on the mere *ipse dixit* of a credentialed witness."); *cf. Mayor of City of Phila. v. Educ. Equal. League*, 415 U.S. 605, 621 (1974) ("[T]he District Court's concern for the smallness of the sample presented by the 13-member Panel was also well founded."); *accord Conlay v. Baylor Coll. of Med.*, 688 F. Supp. 2d 586, 595 (S.D. Tex. 2010) (Smith, J.) (collecting cases).

Garcia has not outlined his methodology, it is also uncertain whether such methodology was reliably applied to the facts of the case. The claims by Garcia, in the absence of the basis upon which they rest or the methodology applied, are conclusory and potentially speculative.

Plaintiffs' response argues that Garcia's report "clearly outlines the facts and documents he reviewed in conducting his analysis."[51] The Court disagrees. Plaintiffs claim that Defendants have not "identified any specific deficiencies in Mr. Garcia's report or methodology."[52] Defendants' argument that "[t]here is nothing to indicate that Mr. Garcia's testimony is based on sufficient facts or data, or that his testimony is the product of reliable principles and methods," is sufficient.[53] Furthermore, Defendants correctly point out that, "Plaintiff[s] bear[] the burden of proving their proffered expert testimony is admissible."[54]

### C. Leave to Amend

As it pertains to Plaintiffs' "request that the Court order [] Plaintiff[s] to amend the expert report to add the particulars to which the expert report was based on,"[55] the Advisory Committee Notes to Rule 37 state that it may be more effective in some situations to impose a sanction of excluding evidence instead of an order compelling production:

> "[A] motion [to compel] may be needed when the information to be disclosed might be helpful to the party seeking the disclosure but not to the party required to make the disclosure. If the party required to make the disclosure would need the material to support its own contentions, the more effective enforcement of the disclosure requirement will be to exclude the evidence not disclosed." [56]

As Plaintiffs intend to use the amendment to their expert testimony to support their own contentions, the Court has the discretion to consider whether the exclusion of this testimony is the

---

[51] Dkt. No. 24 at 2.
[52] Dkt. No. 24 at 2.
[53] Dkt. No. 23 at 3.
[54] Dkt. No. 23 at 2.
[55] Dkt. No. 24 at 2.
[56] USCS Fed Rules Civ Proc R 37.

most appropriate sanction. The Court considers, "(1) the importance of the witness testimony; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order."[57]

As to the importance of the expert testimony, it is significant to Plaintiffs' case to establish their claim that they served as Defendants' employees under the FLSA. If Plaintiffs are not considered employees, Plaintiffs' claims become non-existent as their damages are based upon Defendants' responsibilities to employees under the FLSA.[58] Plaintiffs allege that Garcia's relevance to their contention is his experience with the FLSA with "22 years of experience as a Senior Investigator at the Department of Labor."[59] Plaintiffs depend on Garcia to establish that "Plaintiffs were misclassified as independent contractors and are entitled to the protections and benefits provided by the Act."[60] Therefore, Garcia's testimony is important to Plaintiffs' case and such should be balanced in the Court's sanctions.

As to any prejudice to Defendants that would result from an amended expert report which would allow Garcia to testify, the Court finds that this order would not create significant prejudice to Defendants if given a short time to amend the report. The current pretrial conference is scheduled for November 14, 2023[61] which would ensure that Defendants have ample opportunity to review an amended expert report and move to exclude if necessary. As it pertains to the possibility of cure for prejudice through a continuance, Plaintiffs and Defendants have already recently filed a "Joint Motion to Extend Scheduling Order"[62] and received a continuance of 90

---

[57] *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.,* 73 F.3d 546, 572 (5th Cir. 1996).
[58] Dkt. No. 1-4 at 6.
[59] Dkt. No. 24 at 2.
[60] Dkt. No. 24 at 2.
[61] Dkt. No. 20 at 2.
[62] Dkt. No 19.

days.[63] Additionally, Defendants have recently filed an "Unopposed Motion to Extend Scheduling Order Deadlines." The Court holds that a small continuance is sufficient for any prejudice that would be caused by an order to amend Garcia's report.

As it pertains to the explanation for Plaintiffs' failure to comply with the standards for expert reports, such has not been provided to the Court. Plaintiffs had almost six months to designate expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by the January 11, 2023 deadline.[64] Plaintiffs should have been aware of the requirements for expert reports and sufficiently delivered their report in accord with these standards by January 11. Nevertheless, given the importance of Garcia's testimony to Plaintiffs and the lack of prejudice an order to amend the report would cause Defendants, the Court instead orders Plaintiffs to submit an amended report.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court **DENIES** Defendants' motion to exclude the report and testimony of Juan M. Garcia in its entirety. The Court instead **ORDERS** Plaintiffs to submit Garcia's amended expert report by June 29, 2023.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 15th day of June 2023.

_____
Micaela Alvarez
United States District Judge

---

[63] Dkt. No. 20 at 1.
[64] Dkt. No. 9.