United States District Court
Southern District of Texas
**ENTERED**
August 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | § | |
|---|---|---|
| ROBERT TREVINO, JAIME PENA, ISRAEL EDUARDO OLIVAREZ, JOSE RAMON CANTU, ALEXANDER CANDU, IVAN CHAVEZ, ROLANDO TREVINO, ROBERTO SALAZAR, OTENIEL VILLAREAL and YAMILEX SALAZAR | § § § § § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 7:22-cv-00158 |
| TFS SERVICES, LLC and TEXAS FABCO SOLUTIONS, INC. | § § § § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers Defendant Texas Fabco Solutions, Inc.'s "Opposed Motion to Compel Plaintiffs' Responses to Requests for Production"[1] and "Defendants TFS Services, LLC's and Texas Fabco Solutions, Inc.'s Second Opposed Motion to Exclude the Testimony of Juan M. Garza."[2] Plaintiffs have failed to respond to either motion and the time for doing so has now passed, rendering the motions unopposed by operation of this Court's Local Rule.[3] After considering the motions, record, and relevant authorities, the Court **GRANTS** Defendant's motion to compel and **GRANTS** Defendants' motion to exclude.

---

[1] Dkt. No. 28.
[2] Dkt. No. 29.
[3]

1 / 11

## I. BACKGROUND AND PROCEDURAL HISTORY

This is a Fair Labor Standards Act ("FLSA") case concerned with unpaid minimum wages and unpaid overtime compensation for labor allegedly performed by Plaintiffs while employed by Defendants.[4] Generally, Plaintiffs contend they were employees subject to FLSA yet Defendants classified them as independent contractors to avoid paying minimum wages or overtime.[5]

## II. MOTION TO COMPEL

### a. Legal Standard

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[6] Generally, responses and objections are due within 30 days of service.[7] The parties may, however, stipulate to a different time frame.[8] "A party may move to compel production of materials that are within the scope of discovery and have been requested but not received."[9] A motion to compel must certify in detail that the party seeking information has in good faith attempted to obtain it and is now resorting to court because the parties cannot agree.[10]

If the Court grants a motion to compel, "the Court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the

---

[4] Dkt No. 1-4 at 4.
[5] Dkt. No. 1.
[6] FED. R. CIV. P. 26(b)(1).
[7] FED. R. CIV. P. 33(b)(2) and 34(b)(2).
[8] *Id.*
[9] *Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 368 (5th Cir. 2009) (citing FED. R. CIV. P. 37(a)).
[10] FED. R. CIV. P. 37(a)(1); *see Compass Bank v. Shamgochian*, 287 F.R.D. 397, 398 (S.D. Tex. 2012) (Hacker, J.) (quoting *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170–71 (D. Nev. 1996)) (discussing the requirements for a valid certification); 8B RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2285 n.6 (3d ed. 1998 & Supp. Apr. 2022).

motion, including attorney's fees,"[11] but not if the nondisclosure was substantially justified.[12] Substantial justification is that which would satisfy a reasonable person that disclosure was or was not required under the applicable law.[13] This Court has broad discretion in assessing substantial justification and in imposing sanctions,[14] but the sanction must be calibrated to the conduct.[15] "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'"[16] The loser pays upon a motion to compel, because "[f]ee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims."[17]

### b. Analysis

Defendant Texas Fabco Solutions, Inc. argues that it served interrogatories, requests for admission, and requests for production on Plaintiffs on February 15, 2023.[18] After Defendant agreed to several extensions of time, Plaintiffs provided objections and answers to Defendant's interrogatories and requests for admissions on April 26, 2023.[19] However, Plaintiffs did not respond, and to date have not responded, to Defendant's requests for production.[20] Thus,

---

[11] FED. R. CIV. P. 37(a)(5)(A); *see Washington v. M. Hanna Constr. Inc.*, 299 F. App'x 399, 402 (5th Cir. 2008) (per curiam)
[12] FED. R. CIV. P. 37(a)(5)(A)(ii).
[13] *Olivarez v. GEO Grp.*, 844 F.3d 200, 205 (5th Cir. 2016) (collecting cases); *see Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988) (discussing substantial justification).
[14] *Shumpert v. City of Tupelo*, 905 F.3d 310, 326 (5th Cir. 2018) (quoting *Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 315 (5th Cir. 2013)).
[15] *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186–87 & n.5 (2017); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488–89 (5th Cir. 2012).
[16] *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (alteration in original) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam)).
[17] *Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994).
[18] Dkt. No. 28.
[19] *Id.* at 1.
[20] *Id.*

Defendant requests the Court order Plaintiffs to respond to the requests for production within 10 days of this ruling and further request expenses and attorneys' fees.[21]

For the reasons outlined by Defendant's motion, as well as the fact that Plaintiffs have failed to respond to said motion arguing any excuse for the failure to respond, the Court finds it necessary to compel Plaintiffs to provide responses to Defendant's requests for production. The Court now turns to Defendants' motion to exclude expert testimony.

### III. MOTION TO EXCLUDE

#### a. Legal Standard

"[T]he Federal Rules of Evidence control the admission of expert testimony."[22] The Rules and their scrutiny extend to experts, whether or not they are scientific.[23] When an expert's "factual basis, data, principles, methods, or their application" are sufficiently called into question by Defendants,[24] the Court must undertake a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue."[25]

"Under the Rules[,] the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."[26] "Experts qualified by knowledge, skill, experience, training or education may present opinion testimony to the jury"[27] only if "(1) the

---

[21] *Id.* at 2.
[22] *Mathis v. Exxon Corp.*, 302 F.3d 448, 459 (5th Cir. 2002).
[23] *Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567, 581 (5th Cir. 2001) (quotation omitted).
[24] *Rodriguez*, 242 F.3d at 580–81. (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999)).
[25] *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 592–93 (1993).
[26] *Daubert*, 509 U.S. at 589; *see Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (quotation omitted) (holding the Rules "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand").
[27] *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (quotation omitted). *But see Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 623–24 (5th Cir. 2018) (cleaned up) ("Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue. Although an expert's qualifications may be less-than-sterling, she may still be certified. This is because differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility.").

testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."[28] The proponent of the proffered expert testimony "must prove by a preponderance of the evidence that the testimony is reliable" and cannot rest on generic assurances.[29] Under the first element, "the existence of sufficient facts . . . is in all instances mandatory."[30] "[A] district court has broad discretion to determine whether a body of evidence relied upon by an expert is sufficient to support that expert's opinion."[31] Unsubstantiated factual assertions will bar expert testimony,[32] as will "altered facts and speculation designed to bolster [the proponent's] position."[33] Expert opinions that are unsupported, self-contradicted, or assumptive are to be excluded.[34] However, the proponent "need not prove the testimony is factually correct, but rather need only prove by a preponderance of the evidence the testimony is reliable"[35] and the Court should "approach its inquiry with the proper deference to the jury's role as the arbiter of disputes between conflicting opinions."[36] "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration."[37] Indeed, the Fifth Circuit has

---

[28] *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007) (quoting FED. R. EVID. 702).
[29] *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc).
[30] *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007).
[31] *Knight v. Kirby Inland Marine Inc*., 482 F.3d 347, 354 (5th Cir.2007).
[32] *Id.* at 319 & n.4.
[33] *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996); *see Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 798 (N.D. Tex. 2013) (citing *MGM Well Servs. v. Mega Lift Sys.*, No. 4:05-cv-1634, 2007 WL 150606, at *4 (S.D. Tex. Jan. 16, 2007) (Atlas, J.) ("Rather than conduct and report the results of critical, independent analysis, it appears that Alworth relied heavily, if not exclusively, on what Bartley told him. His expert report is at best an effort to synthesize Defendant's positions and present them summarily as an expert opinion.")) ("Although in forming an independent opinion an expert can rely on information provided by a party's attorney, an expert cannot forgo his own independent analysis and rely exclusively on what an interested party tells him.").
[34] *Guile v. United States*, 422 F.3d 221, 227 (5th Cir. 2005).
[35] *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009).
[36] *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987).
[37] *United States v. 14.38 Acres of Land, more or less Situated in Leflore Cnty.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo*, 826 F.2d at 422); *see* FED. R. EVID. 702 advisory committee's note to 2000 amendment ("When facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts. The

cautioned against transforming a motion to exclude an expert into a trial on the merits, because the factfinder may be entitled to accept or reject an expert's testimony *including* by judging whether the predicate facts on which an expert relied are accurate.[38] Generally, cross-examination and presentation of competing evidence are traditionally sufficient to challenge an expert opinion, rather than exclusion for inadmissibility.[39] In short, experts may rely on disputed facts,[40] but not unsubstantiated assertions.[41] An opinion based on "insufficient, erroneous information," fails the reliability standard.[42]

Under the second and third elements for assessing expert evidence, "expert testimony 'must be reliable at each and every step or else it is inadmissible. The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, *et alia*.'"[43] "Under *Daubert*, 'any step that renders the analysis unreliable . . . renders the expert's testimony inadmissible. This is true whether the step completely changes a reliable methodology or merely misapplies that methodology.'"[44] To test

---

emphasis in the amendment on ' sufficient facts or data' is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other.").

[38] *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th Cir. 2002).

[39] *See MM Steel, L.P. v. JSW Steel (USA) Inc.*, 806 F.3d 835, 852 (5th Cir. 2015) (quoting *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 596 (1993)); *see 14.38 Acres of Land*, 80 F.3d at 1078 ("[T]he trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.").

[40] *Metro Hosp. Partners, Ltd. v. Lexington Ins. Co.*, No. 4:15-cv-1307, 2017 WL 3142444, at *6 (S.D. Tex. July 25, 2017) (Rosenthal, C.J.) (citing *Moore v. Int'l Paint, L.L.C.*, 547 F. App'x 513, 515 (5th Cir. 2013) (per curiam) and *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004)); *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 856 (Fed. Cir. 2010) (citing *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003) and *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002)) ("[I]t is not the district court's role under *Daubert* to evaluate the correctness of facts underlying an expert's testimony. Questions about what facts are most relevant or reliable to calculating a reasonable royalty are for the jury. The jury was entitled to hear the expert testimony and decide for itself what to accept or reject."), *aff'd,* 564 U.S. 91 (2011).

[41] *See Knight*, *supra* note 31.

[42] *Paz v. Brush Engineered Materials, Inc*., 555 F.3d 383, 389 (5th Cir.2009) (affirming exclusion of expert opinion that relied on false assumptions rebutted by undisputed record evidence).

[43] *In re Pool Prod. Distrib. Mkt. Antitrust Litig.*, 166 F. Supp. 3d 654, 662 (E.D. La. 2016) (quoting *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007)).

[44] *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 278 n.10 (5th Cir. 1998) (omission in original) (emphasis deleted) (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994)).

reliability, the Court assesses the intellectual rigor of the proposed expert testimony,[45] which must be validated by an independent and objective source beyond the expert's assurances,[46] and the Court "should ensure that the [expert] opinion comports with applicable professional standards outside the courtroom and that it will have a reliable basis in the knowledge and experience of [the] discipline,"[47] but an expert report or opinion need not be in lockstep with the common or prevailing standard to be admissible.[48] Similarly, the Court should exclude expert evidence if the witness is not qualified in a particular field or subject,[49] but an expert witness need not be highly credentialed or qualified to offer an expert opinion to the factfinder.[50] The Court may "conclude that there is simply too great an analytical gap between the data and the opinion proffered" to be admissible,[51] but there is no definite formula for determining whether expert testimony is reliable or unreliable "and the court must judge admissibility based on the particular facts of the case."[52]

---

[45] *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)).

[46] *Brown v. Ill. Cent. R.R.*, 705 F.3d 531, 536 (5th Cir. 2013) (quoting *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc)); *see Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007) (alteration and quotation omitted) ("But the existence of sufficient facts and a reliable methodology is in all instances mandatory. Without more than credentials and a subjective opinion, an expert's testimony that "it is so" is not admissible.").

[47] *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 991 (5th Cir. 1997) (second alteration in original) (quotation omitted); *see McManaway v. KBR, Inc.*, 852 F.3d 444, 449 (5th Cir. 2017) (cleaned up) (holding that courts "look to the basis of the expert's opinion, and not the bare opinion alone. A claim cannot stand or fall on the mere *ipse dixit* of a credentialed witness."); *cf. Mayor of City of Phila. v. Educ. Equal. League*, 415 U.S. 605, 621 (1974) ("[T]he District Court's concern for the smallness of the sample presented by the 13-member Panel was also well founded."); *accord Conlay v. Baylor Coll. of Med.*, 688 F. Supp. 2d 586, 595 (S.D. Tex. 2010) (Smith, J.) (collecting cases).

[48] *Whitehouse Hotel LP v. Comm'r*, 615 F.3d 321, 332 (5th Cir. 2010) (rejecting the argument that compliance with uniform published professional standards goes to admissibility rather than credibility); *see Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 588 (1993) ("Nothing in the text of this Rule establishes 'general acceptance' as an absolute prerequisite to admissibility."); *Hardy v. United States*, 141 Fed. Cl. 1, 32 (2018) ("The Yellow Book [Uniform Appraisal Standards for Federal Land Acquisitions] applies only to appraisers hired by the federal government for condemnation purposes; it is not mandatory with respect to appraisers not hired by the government.").

[49] *See Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007) (affirming exclusion of expert evidence because "Moore is not a tire expert. He has never been employed in any capacity dealing with the design or manufacture of tires. He has never published any articles regarding tires nor has he ever examined a tire professionally prior to this litigation. His only experience with tires is as a consumer.").

[50] *Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 199–200 (5th Cir. 2016).

[51] *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *see id.* ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.")

[52] *Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 379 (5th Cir. 2010).

"Certain more specific factors, such as testing, peer review, error rates, and 'acceptability' in the relevant scientific community . . . might prove helpful in determining the reliability of a particular scientific 'theory or technique.'"[53] Reliance on studies that do not support a contention, cherry-picked data, or a dubious methodology may be grounds to reject expert testimony.[54] "Trial judges retain 'broad latitude' both in deciding how to determine whether an expert's testimony is reliable, and ultimately, whether the testimony is, in fact, reliable."[55]

### b. Analysis

The Court denied Defendants' first motion to exclude the report and testimony of Juan M. Garcia instead ordering Plaintiffs to submit Garcia's amended expert report.[56] In doing so, the Court found that the expert report failed to meet the requirements of Rule 26(a)(2)(B), but given the importance of the expert testimony to Plaintiffs and the lack of prejudice to Defendants, the Court found that leave to amend was more appropriate than exclusion.[57]

Defendants have now filed a second motion again requesting the Court exclude the testimony of Juan M. Garcia. Defendants argue that the timely amended report "still provides little substance and no support."[58] More specifically, Defendants argue that the

> sparse report fails to state completely the facts or data considered by Mr. Garcia in forming his opinions, and further, there has been no discovery exchanged to date upon which Mr. Garcia could have relied. The report fails to specify even one exhibit that will be used to summarize or support Mr. Garcia's opinions. Aside from a one-sentence general statement that Mr. Garcia has 22 years of experience working with the Department of Labor and specializes in FLSA cases, there are no qualifications provided and no mention of publications authored by him in the previous ten years. Lastly, the report fails to provide a list of other cases in which Mr. Garcia testified as an expert at trial or by deposition in the previous four years.

---

[53] *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (quoting *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 593–94 (1993)).
[54] *Burst v. Shell Oil Co.*, 650 F. App'x 170, 174 (5th Cir. 2016) (per curiam).
[55] *Hodges v. Mack Trucks Inc.*, 474 F.3d 188, 194 (5th Cir. 2006) (quoting *Kumho Tire Co.*, 526 U.S. at 142).
[56] Dkt. No. 26 at 10.
[57] *Id.* at 6-8.
[58] Dkt. No. 29 at 1.

Defendants have provided Juan M. Garcia's "Amended Expert Report" for the Court's review.[59] As the Court has previously noted, Rule 26 of the Federal Rules of Civil Procedure sets expert report disclosure requirements. Specifically, Rule 26(a)(2)(B) provides that an expert report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

Here, Plaintiffs' expert report fails for several reasons. First, the report fails to state the basis and reasons for the opinions of the witness. Mr. Garcia's report states that his opinion was formed "[b]ased on [his] analysis of the records and [his] understanding of the FLSA regulations regarding the classification of employees and independent contractors . . . ."[60] However, the report does not elaborate on Mr. Garcia's understanding of the FLSA regulations. The report does not provide specific regulations, nor how he applied them to his review of the records. The report jumps from an alleged fact straight to Mr. Garcia's opinion. Thus, without any application of the facts to the methods used, the opinions of the expert are merely conclusory statements devoid of any analytical undertaking.

Next, while the report does provide some facts and data gleaned from Mr. Garcia's investigation, Defendants assert that "there has been no discovery exchanged to date upon which Mr. Garcia could have relied."[61] Because Plaintiffs have failed to respond to the motion, the Court

---

[59] Dkt. No. 29-1.
[60] *Id.* at 1.
[61] Dkt. No. 29 at 3.

has no reason to question the veracity of the assertion. Thus, even if Mr. Garcia had correctly included an application of reliable principles and methods to the facts, the opinion would still be based on facts not available through the discovery process.

Further, the expert report lists no exhibits that will be used to summarize or support the conclusory opinions contained therein. Mr. Garcia testifies that he "conducted a thorough investigation into the nature of the employment relationship between the Plaintiffs and Defendants, as well as into the Plaintiffs' work hours and pay. This included a review of employee contracts, job descriptions, and other relevant documentation, as well as an analysis of the Plaintiffs' time cards and payroll records, or the lack thereof."[62] While Mr. Garcia may mention the documentation he reviewed in forming his opinion, he does not state which, if any, of that documentation will be used as exhibits to support or summarize his opinions. Again, Defendants also assert that there has been no discovery exchange upon which Mr. Garcia could have even relied.

Next, Mr. Garcia's report testifies that he is "a consulting expert with 22 years of experience at the Department of Labor as a Senior Investigator, specializing in Fair Labor Standards Act (FLSA) cases."[63] However, he does not include his educational background and the report fails to include a list of all publications, if any, authored in the previous 10 years.

Finally, Mr. Garcia's report does not list other cases, in which, during the previous 4 years, the witness testified as an expert at trial or by deposition.

Because of that, the Court finds that the amended report fails to comply with the requirements set forth by Rule 26 of the Federal Rules of Civil Procedure. Given that Plaintiffs have already been given a chance to have their expert amend the report, and the amended report is

---

[62] Dkt. No. 29-1.
[63] *Id.*

still not sufficient, the Court finds that exclusion of Mr. Garcia's expert report in its entirety is the necessary remedy.

### IV. Conclusion and Holding

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion to compel.[64] Accordingly, the Court hereby **ORDERS** Plaintiffs to properly respond to Defendant's discovery requests no later than **August 31, 2023,** and holds that any objections Plaintiffs may have to those requests have been effectively waived.

Additionally, the Court hereby **ORDERS** Defendant Texas Fabco Solutions, Inc. to notify the Court of the reasonable expenses incurred in making the instant motion, including attorney's fees[65] no later than **September 1, 2023**, at which time the Court will assess sanctions under Rule 37(b)(2)(c) of the Federal Rules of Civil Procedure. Plaintiffs are further warned that failure to comply with the Federal Rules of Civil Procedure and the deadlines set forth in this order may result in dismissing the action or proceeding in whole.[66]

Finally, the Court **GRANTS** Defendants' motion to exclude and **EXCLUDES** the testimony of Juan M. Garcia.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 24th day of August 2023.

                                                       Micaela Alvarez
                                        Senior United States District Judge

---

[64] Dkt. No. 28.
[65] Fed. R. Civ. P. 37(a)(5)(A); *see Washington v. M. Hanna Constr. Inc.*, 299 F. App'x 399, 402 (5th Cir. 2008) (per curiam)
[66] Fed. R. Civ. P. 37 (b)(2)(A)(v).