Case 7:22-cv-00158   Document 40   Filed on 01/30/24 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
January 30, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ROBERT TREVINO, JAIME PENA, ISRAEL EDUARDO OLIVAREZ, JOSE RAMON CANTU, ALEXANDER CANTU, IVAN CHAVEZ, ROLANDO TREVINO, ROBERTO SALAZAR, OTONIEL VILLAREAL, and YAMILEX SALAZAR,<br><br>Plaintiffs,<br><br>VS.<br><br>TFS SERVICES and TEXAS FABCO SOLUTIONS, INC.,<br><br>Defendants. | §§§§§§§§§§§§§§§§§  CIVIL ACTION NO. 7:22-cv-00158 |

# **ORDER**

The Court now considers "Defendants TFS Services, LLC and Texas Fabco Solutions, Inc.'s Motion for Partial Summary Judgment."[1] Plaintiffs have timely filed a response and the motion is ripe for the Court's consideration. The Court after duly considering the motion, the response, the record, and the relevant authorities, **DENIES** Defendants' motion.

## I.   FACTUAL AND PROCEDURAL HISTORY

This is a Fair Labor Standards Act ("FLSA") case concerned with unpaid minimum wages and unpaid overtime compensation for labor allegedly performed by Plaintiffs while employed by

---

[1] Dkt. No. 37.

Defendants.² Generally, Plaintiffs contend they were employees subject to FLSA, yet Defendants classified them as independent contractors to avoid paying minimum wages or overtime.³

## II. DISCUSSION

### a. Legal Standard

As an initial matter, the Court reminds both parties that the Federal Rules of Civil Procedure require numbered paragraphs in all pleadings, motions, and other papers.⁴ Here, neither Plaintiff nor Defendant have bothered to number each paragraph. Compliance with the Federal Rules of Civil Procedure is not an optional matter of preference.

Turning to the motion for summary judgment, Federal Rule of Civil Procedure 56 provides that a court has the ability to grant summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."⁵ The primary purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses" and should be interpreted to accomplish this purpose.⁶

To earn summary judgment, the movant must demonstrate that there are no disputes in regard to genuine and material facts and that the movant is entitled to summary judgment as a matter of law.⁷ "[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor."⁸ The movant "bears the initial burden of . . . demonstrat[ing] the absence of a genuine issue

---

² Dkt No. 1-4 at 4.
³ Dkt. No. 1.
⁴ FED. R. CIV. P. 10(b).
⁵ FED. R. CIV. P. 56(a); *see Bulko v. Morgan Stanley DW Inc.*, 450 F.3d 622, 624 (5th Cir. 2006).
⁶ *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).
⁷ *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993).
⁸ *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986), *quoted in Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002); *accord Bank of La. v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (holding

of material fact, but is not required to negate elements of the nonmoving party's case."[9] In other words, a movant may satisfy its burden by pointing out the absence of evidence to support the nonmovant's case if the nonmovant would bear the burden of proof with respect to that element at trial.[10] To demonstrate the absence of a genuine dispute of material fact, the movant must point to competent evidence in the record, such as documents, affidavits, and deposition testimony[11] and must "articulate precisely how this evidence supports his claim,"[12] to "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[13] If the movant fails to meet its initial burden, the motions for summary judgment "must be denied, regardless of the nonmovant's response."[14] Accordingly, the Court may not enter summary judgment by default,[15] but may accept a movant's facts as undisputed if they are unopposed.[16]

If the movant meets its initial burden, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts" that demonstrate the existence of a genuine issue for trial.[17] The nonmovant's demonstration

---

that, if the movant intends to rely on an affirmative defense, "it must establish beyond dispute all of the defense's essential elements").
[9] *Lynch Props. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998).
[10] *Celotex Corp.*, 477 U.S. at 325; *see Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted) ("Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial.").
[11] FED. R. CIV. P. 56(c)(1); *see Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted) ("The movant . . . must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.").
[12] *RSR Corp. v. Int'l Ins. Co.,* 612 F.3d 851, 857 (5th Cir. 2010).
[13] *Celotex Corp.*, 477 U.S. at 322 (quoting FED. R. CIV. P. 56(c)).
[14] *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.,* 767 F.3d 503, 511 (5th Cir. 2014) (quotation omitted).
[15] *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).
[16] *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *see* LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition")
[17] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) ("[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."); *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991) ("[T]he

cannot consist solely of "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation"[18] and a "mere scintilla of evidence" also will not do.[19] Even if the nonmovant produces more than a scintilla of evidence in its favor, such evidence may be "so overwhelmed by contrary proof" that summary judgment is still proper in favor of the movant.[20] The Court does not need to "credit evidence that is 'blatantly contradicted by the record,' especially by video or photographic evidence."[21] Neither self-serving allegations nor conclusory affidavits can defeat a motion for summary judgment supported by probative evidence.[22] "[T]he nonmoving party must adduce evidence sufficient to support a jury verdict."[23] The Court will countenance only reasonable inferences in the nonmovant's favor and will not indulge "senseless" theories or leaps in logic.[24] The nonmovant is "required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."[25] "A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists."[26] Courts "will not assume 'in the absence of any proof . . .

---

party responding to a summary judgment motion must support her response with specific, non-conclusory affidavits or other competent summary judgment evidence.").

[18] *United States ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (quoting *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).

[19] *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010); *accord Germain v. US Bank Nat'l Ass'n*, 920 F.3d 269, 272 (5th Cir. 2019).

[20] *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 993 (5th Cir. 1996) (quoting Neely v. *Delta Brick and Tile Co.*, 817 F.2d 1224, 1226 (5th Cir. 1987)), *abrogated on other grounds by Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000).

[21] *Malbrough v. Stelly*, 814 F. App'x 798, 804 (5th Cir. 2020) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

[22] *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 227 (5th Cir. 2018); *see Cadena v. El Paso County*, 946 F.3d 717, 725 (5th Cir. 2020) ("[A]ffidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment.").

[23] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[24] *See Eastman Kodak Co. v. Image Tech. Servs.*, 504 U.S. 451, 468–69 & n.14 (1992).

[25] *Ragas*, 136 F.3d at 458 (emphasis added).

[26] *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006); *see Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (quotation and alteration omitted) ("When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case."); *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992) ("To avoid a summary judgment,

that the nonmoving party could or would prove the necessary facts,' and will grant summary judgment 'in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'"[27] The Court is under no duty to sift through the entire record in search of evidence to support the nonmovant's opposition to summary judgment.[28]

"A fact is 'material' if its resolution could affect the outcome of the action,"[29] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[30] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[31] "Although this is an exacting standard, summary judgment is appropriate where the only issue before the court is a pure question of law."[32] The Court does not weigh the evidence or evaluate the credibility of witnesses and views all facts and inferences in the light most favorable to the nonmovant,[33] including "resolv[ing] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[34]

---

the nonmoving party must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case.").

[27] *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

[28] *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996); *accord Adams Family Tr. v. John Hancock Life Ins. Co.*, 424 F. App'x 377, 380 n.2 (5th Cir. 2011).

[29] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007).

[30] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006); *see Bache v. Am. Tel. & Tel. Co.*, 840 F.2d 283, 287 (5th Cir. 1988) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) ("[T]o determine if an issue of material fact is genuine, we must then decide whether 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'").

[31] *Anderson,* 477 U.S. at 248.

[32] *Sheline v. Dun & Bradstreet Corp.,* 948 F.2d 174, 176 (5th Cir. 1991).

[33] Williams v. Time Warner Operation, Inc., 98 F.3d 179, 181 (5th Cir. 1996).

[34] *Boudreaux*, 402 F.3d at 540.

### b. Analysis

Generally, the FLSA states that unless otherwise provided by the statute, employees who work in excess of forty hours per week are entitled to pay at a rate of one and one-half times the regular rate of pay.[35] The FLSA has a two-year statute of limitations, unless the alleged violation was willful, in which case, it is three years.[36] To show "that a violation was willful, a plaintiff has the burden of presenting evidence that the employer either knew or showed reckless disregard for whether its conduct was prohibited by the statute."[37]

In their motion, Defendants argue that Plaintiffs cannot meet their burden of showing willfulness and that therefore, the applicable statute of limitations in this case is two years. In arguing so, Defendants assert that they

> employed the Plaintiffs as Welders and paid them based on an hourly basis of time needed for services rendered. The Plaintiffs generally understood their compensation was intended to cover any and all hours worked, and that Defendants would pay them the same amount regardless of whether they worked over or under forty hours. Plaintiffs are independent and highly skilled workers who would provide their own tools and were compensated on an hourly basis given the number of hours needed to complete specific jobs. Plaintiffs were never provided with employee handbooks or received any documents that would show that they were hired as employees. It is understood that it is the industry norm for Welders, like Plaintiffs, to be compensated in a similar manner and categorized as except [sic] employees. This is further evidenced by deposition testimony by various Plaintiffs stating their previous classification and pay structure in other similar employments.[38]

Defendants provide only argument; they provide no evidence whatsoever.

Plaintiffs' response provides the factors relied upon by the district courts when making a willfulness determination. Those include:

> (1) admissions that an employer knew its method of payment violated the FLSA prior to the accrual of the action, ... (2) continuation of a pay practice without further

---

[35] 29 U.S.C. § 207(a)(1).
[36] 29 U.S.C. § 255(a).
[37] *Sealey v. EmCare, Inc.*, No. 2:11-CV-00120, 2013 WL 164040 at *1 (S.D. Tex. Jan. 14, 2013) (Ramos, J.) (internal citations omitted).
[38] Dkt. No. 37 at 1-2.

investigation after being put on notice that the practice violated the FLSA, ... (3) earlier violations of the FLSA that would put the employer on actual notice of the [r]equirements of the FLSA, ... (4) failure to keep accurate or complete records of employment, and ... (5) prior internal investigations which revealed similar violations.[39]

Plaintiffs present some evidence[40] that "Defendants both know that their compensation structure is in violation of the FLSA, and have also shown reckless disregard by failing to make an adequate inquiry thereto."[41]

Plaintiffs first contend that Defendants have failed to cite any evidence that supports that the type of pay structure in dispute here is the "industry norm" for welders.[42] However, even if it is the industry norm, this does not unqualifiedly negate willfulness. All such employers may be willfully attempting to circumvent the FLSA by this manner of payment. Furthermore, Plaintiffs' knowledge and even acceptance of this manner of payment does not relieve the employer of its FLSA obligations.

Next, Plaintiffs provide rebuttal evidence to Defendants' argument that the Plaintiff Rolando Trevino admits in his deposition that "competitors in the industry utilized the exact same compensation structure."[43] Plaintiffs provide Rolando Trevino's testimony in which "he describes being involved in a similar lawsuit which he recovered unpaid overtime wages."[44] Then, Plaintiffs provide evidence of similar FLSA lawsuits in the past involving who they assert are the same Defendants in this matter, a consideration for the 5th factor above.[45] Finally, Plaintiffs argue that

---

[39] *Rosales v. Indus. Sales & Services*, LLC, 6:20-CV-00030, 2022 WL 4751171, at *11 (S.D. Tex. Sept. 30, 2022), motion to certify appeal denied, 6:20-CV-00030, 2023 WL 2267230 (S.D. Tex. Feb. 28, 2023) (internal citations omitted).

[40] Plaintiffs provide what the Court presume to be two deposition excerpts (Dkt. Nos 38-1 & 2) and a PACER printout (Dkt. No. 38-3). The deposition excerpts have no information identifying the deponent, and are not authenticated in any form, and do not have the usual court reporter's certificate. Similarly, the PACER printout is not authenticated. As such they would constitute hearsay but Defendants have not objected.

[41] Dkt. No. 38 at 4.

[42] *Id.*

[43] Dkt. No. 37 at 4.

[44] Dkt. No. 38 at 5.

[45] *Id.* at 6.

accurate and complete pay records for several Plaintiffs have not been produced, a consideration for the 4th factor above.[46]

The issue of willfulness here is dependent upon the classification of the Plaintiffs as employees or independent contractors. "In other words, if it is later determined that Plaintiffs should have been treated and compensated as hourly employees rather than independent contractors, the issue is whether Defendants made a willful decision to treat them as independent contractors in an effort to pay them less compensation than they were due under the FLSA."[47] On the other hand, should it later be determined that Plaintiffs were properly treated as independent contractors, the issue of willfulness is irrelevant because Plaintiffs would not fall within the scope of the FLSA. Thus, in order to consider willfulness, the Court would first have to determine whether Plaintiffs are hourly employees within the statute. But, the majority of Defendants' motion, despite generally moving for summary judgment on the willfulness factor, puts forth arguments that would go to the first step; the employee vs independent contractor issue. Thus, Defendants' motion has provided little to support a finding that no willful violation is to be had here.

Conversely, Plaintiffs provides evidence that there is a genuine dispute of material fact as to whether the Defendants acted willfully with respect to the Plaintiffs' compensation structure. Specifically, Plaintiffs have provided at least some evidence that there may have been a continuation of the pay practice without further investigation after being put on notice that the practice violated the FLSA, evidence that there may have been earlier violations of the FLSA that would have put Defendants on notice of the requirements of the FLSA, and an assertion of lack of

---

[46] *Id.*
[47] *Sealey*, No. 2:11-CV-00120, 2013 WL 164040 at * 2.

production of accurate or complete records of employment.[48] Accordingly, the Court finds that whether Defendants willfully violated the FLSA is a fact question best determined by a jury.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, Defendants' motion is hereby **DENIED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 30th day of January 2024.

_____
Micaela Alvarez
Senior United States District Judge

---

[48] Dkt. No. 38 at 6.